**Janice BULLOCK, Appellant**

v.

**COMMISSIONER OF INTERNAL REVENUE.**

No. 06–1823.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Nov. 16, 2006.

Filed: Nov. 22, 2006.

Janice Bullock, Philadelphia, PA, pro se.

Marion E.M. Erickson, United States Department of Justice Tax Division, Washington, DC, for Commissioner of Internal Revenue.

Before: SCIRICA, Chief Judge, FUENTES and SMITH, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Janice Bullock appeals the Tax Court's decision dismissing her case as moot. The procedural history of this case and the details of Bullock's claims are well-known to the parties, set forth in the Tax Court's opinion, and need not be discussed at length. Briefly, Appellee issued Bullock a Notice of Determination in which he sus-tained the proposed collection action against her regarding her tax liabilities for the years 1993 through 1996. Bullock filed a petition in the Tax Court to contest the notice. *See* 26 U.S.C. § 6330(d)(1). In her petition, she also contested issues re-garding tax years 1991 and 1992. The Tax Court dismissed Bullock's claims regard-ing tax years 1991 and 1992 for lack of jurisdiction. After a hearing was held, Appellee argued that the case was moot because Appellee was no longer taking any collection action against Bullock as Appel-lee had offset her tax liability with over-payments from later years. The Tax Court agreed and dismissed the case. Bullock filed a timely notice of appeal.

We have jurisdiction under 26 U.S.C. § 7482(a)(1). We agree with the Tax Court that it lacked jurisdiction to review the collection of Bullock's 1991 and 1992 tax liabilities because no notice of determination had been issued to Bullock with regard to any collection actions for those years and because the collection ac-tions for those years were initiated before the enactment of 26 U.S.C. § 6330. We further agree that the Tax Court lacked jurisdiction over the issue of the applica-tion of overpayments from later years to Bullock's tax liabilities from earlier years because such offsets did not constitute lev-ies. *See Boyd v. Comm'r,* 451 F.3d 8 (1st Cir.2006); *Hankin v. United States,* 891 F.2d 480 (3d Cir.1989). The Tax Court correctly dismissed the remaining claims because Appellee was no longer seeking a collection action against Bullock for the years at issue.

For the above reasons, as well as those set forth by the Tax Court, we will affirm the Tax Court's January 17, 2006, judg-ment.